[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DOCKET NUMBER CR90-54529
 Date of Sentence: July 19, 1991 Date of Application: July 19, 1991 Date Application Filed: July 19, 1991 Date of Decision: March 24, 1998
DOCKET NUMBER CR90-55820
 Date of Sentence: September 12, 1991 Date of Application: Date Application Filed: September 19, 1991 Date of Decision: March 24, 1998
Applications to review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport.
Timothy Aspinwall, Esq., Defense Counsel, for Petitioner.
Robert Satti, Jr., Esq., Assistant State's Attorney, for the State.
Docket Number CR90-54529
The petitioner, then age 17 years of age, was convicted following a trial by jury, of robbery in the first degree, § 53a-134(a)(4) and larceny in the second degree, CT Page 5757 § 53a-123(a)(1).
The petitioner was sentenced to 18 years incarceration on the robbery charge and seven years incarceration on the larceny charge, each consecutive to the other for a net effective sentence of 25 years incarceration.[1]
The evidence presented consisted of five males who approached the victim as she arrived home. Two of the perpetrators were armed with guns. The victim was ordered to surrender certain valuables and her automobile was taken. The petitioner was identified as one of the robbers.
Docket Number CR90-55820
The petitioner, then 17 years of age, was convicted following a trial by jury of robbery in the first degree, § 53a-134 (a)(2), burglary in the first degree, § 53a-101
(a)(1), attempted assault in the first degree, § 53a-59 (a)(1), and § 53a-49 (a)(2), and carrying a pistol without a permit, § 29-35.
The trial court sentenced the petitioner to a term of 20 years for the robbery in the first degree; 20 years on the burglary in the first degree (the robbery and burglary sentences to run concurrently); ten years for the attempted assault in the first degree (to run consecutive to the robbery and burglary sentences); and five years for carrying a pistol without a permit (consecutive to all other sentences).
The trial court imposed a net effective sentence of 35 years incarceration[2] concurrent to the 25 year sentence previously imposed under Docket Number CR90-54529.
The factual basis underlying the petitioner's convictions is as follows: on or about July 7, 1990, the petitioner, armed with a handgun, approached some individuals in their back yard. At gunpoint, the petitioner ordered the victims into the home and had one of them summon the father who had been upstairs. The petitioner fired a shot at one of the victims, but missed. The father came down and, at gunpoint, was ordered back upstairs with the petitioner, wherein the latter proceeded to take an amount of monies. The perpetrator then fled.
The respective counsel addressed the Division relevant to CT Page 5758 both cases. The offenses were committed within weeks of one another.
Counsel for the petitioner argued that at the time of the offenses petitioner was only 16 years of age and that the petitioner "grew up locked in the system." Counsel emphasized that the petitioner is now 24 years of age, has been confined for eight years and will not be eligible for parole for another eight years.
Counsel for petitioner indicated that petitioner was an angry young man and that the eight years he has served incarcerated has changed him. Counsel further stated that the petitioner wants to enroll in school and begin a new life. Counsel added that petitioner's mother and grandmother are both not well and the petitioner wants to see them.
Counsel for petitioner indicated the petitioner is serving 31 years and petitioner was requesting a reduction to 24 1/2 years. The petitioner addressed the Division and indicated that he wanted to go home and be with his family.
The counsel for the State countered by relating the seriousness of both incidents wherein the petitioner was armed with a firearm in each and actually fired shots at a victim in the second incident.
Counsel referred to the comment attributed to the petitioner in the PSI wherein the petitioner denies involvement in both incidences and in an effort to confirm his non-involvement, the petitioner indicates words to the effect he would have shot them (victims) and not left witnesses.
Counsel argued that the imposed sentences should not be reduced in that each is appropriate and fair.
The court in Docket Number CR90-54529 took into consideration the petitioner's past criminal record, the serious nature of the crime and considered the deterrent effect the sentence would have on others. The court imposed the sentence as indicated.
The court in Docket Number CR90-55820 commented upon the petitioner's "disturbed sociological environment" he has experienced in his developmental years. The court indicated CT Page 5759 that his environment was inundated with violence and drugs which has rendered the petitioner "totally without a basis for having objective sympathy for the condition in which they now find themselves. There is no other answer to the situation but to confine you and confine you for a long period of time."
The court imposed the sentence as indicated.
Pursuant to Practice Book Section 942, "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statutes § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
The sentences are affirmed.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.